UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
DOUGLAS STEPHENS,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
-----------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-4464-FB

*Appearances:*
*For the Plaintiff*:
HOWARD OLINSKY, ESQ.
300 South State Street
Syracuse, New York 13202

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Douglas Stephens seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits and supplemental security income. Both parties move for judgment on the pleadings. Stephens requests a remand for further proceedings and the Commissioner seeks a dismissal of this action. For the reasons stated below, Stephens' motion is granted, the Commissioner's motion is denied.

I

Stephens filed applications for benefits on September 21, 2015 and July 27, 2016. He alleged that he became disabled on February 18, 2008. His applications

1

were denied, and he requested a hearing before an ALJ. After the hearing, the ALJ ruled that Stephens was not disabled. The ALJ assigned an RFC of: "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is limited to simple and routine tasks and to only occasional interaction with coworkers and the public." AR 15. The Appeals Council declined review on June 7, 2018.

## II

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

### A. The RFC Determination

Stephens challenges the ALJ's findings as to his mental impairments. The ALJ assigned little weight to the opinion of Dr. Nicholas Norton, Stephens' psychiatric treating physician.

The record lacks a medical opinion that addresses whether Stephens' mental impairments impact his ability to work. "While in some circumstances, an ALJ may make an RFC finding without treating source opinion evidence, the RFC assessment

will be sufficient only when the record is clear and contains some useful assessment of the claimant's limitations from a medical source." *Muhammad v. Colvin*, No. 6:16-cv-06369, 2017 WL 4837583, at *4 (W.D.N.Y. Oct. 26, 2017).

As there was no medical opinion, the ALJ must have interpreted the medical records on his own to reach his RFC determination. However, the treatment notes also do not address the impact of Stephens' mental impairments on his ability to work. *See Hooper v. Colvin*, 199 F.Supp.3d 796, 815 (S.D.N.Y. 2016) (Remand required where ALJ made a "disability determination based on a record devoid of any truly complete medical opinion"); *see also Deshotel v. Berryhill,* 313 F.Supp.3d 432, 435 (W.D.N.Y. 2018) ("[L]eeway given to ALJs to make common sense judgments does not necessarily extend to the assessment of mental limitations, which are by their very nature highly complex and individualized") (quotations omitted).

Therefore, the RFC determination is not supported by substantial evidence.

### III

Stephens' motion is GRANTED, Commissioner's motion is DENIED. The case is remanded for development of the record and consideration of new evidence.
**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March  16, 2020